2070

James W. FIELDS and Rosemary L. Fields, Appellants v. The MELROSE LIMITED PARTNERSHIP; The Melrose Company, Inc.; James P. Coleman; Stephen B. Kiser; and Robert T. Kolb, Respondents.

(439 S.E. (2d) 283)

Court of Appeals

*Matthew A. Henderson*, of *Henderson, Brandt & Vieth*, Spartanburg, *for appellants*.

*James M. Herring*, Hilton Head Island; and *Harry A. Swagart, III*, Columbia, *for respondents*.

Heard March 23, 1993.

Decided August 23, 1993.

Reh. Den. Dec. 6, 1993.

BELL, Judge:

James W. Fields and Rosemary L. Fields brought an action against The Melrose Limited Partnership, the individual partners, and The Melrose Company, Inc., for breach of express

warranty, negligent misrepresentation,[1] and violation of the South Carolina Unfair Trade Practices Act.[2] The Melrose group moved to dismiss under Rule 12(b)(6), SCRCP. The circuit court granted the motion. The Fieldses appeal. We affirm.

A judgment on the pleadings is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment. All well-pleaded factual allegations are deemed admitted for purpose of considering a motion for judgment on the pleadings. *Russell v. City of Columbia*, 305 S.C. 86, 406 S.E. (2d) 338 (1991). Taking the well-pleaded allegations of the complaint as true, the facts of the case are as follows.

Melrose Plantation is a residential development on Daufuskie Island near Hilton Head Island. In 1988, the Fieldses purchased an undeveloped lot in Melrose Plantation and two undivided 1/1550th interests in land known as Melrose Club. The Fieldses paid $50,000 each for the interests in Melrose Club. In May 1989, the Fieldses purchased an ocean-front cottage in Melrose Plantation from a third party.

As part of its marketing effort, the Melrose group made representations to the Fieldses that an ocean pier, cottages with 200 bedrooms, a chapel, and attractive roads would be built in the development. They also represented that the price of an individual interest in Melrose Club would increase to $100,000 by the end of 1988. The Fieldses contend they relied on these representations when making their purchases.

The planned improvements were not built. Membership prices in Melrose Club never reached $100,000. Instead, the price of a membership never exceeded $65,000. At the time of hearing, memberships in Melrose were selling for less than $35,000. The Fieldses allege that this reduced sales price has devalued all of their Melrose interests.

I.

The Fieldses contend the Melrose group expressly warranted that future individual interests in Melrose Club would be sold at higher prices. We find no express warranty.

---

[1] According to the record, the court permitted the Fieldses to amend their complaint to allege negligent misrepresentation instead of fraud as originally pleaded.

[2] S.C. Code Ann. §§ 39-5-10 to -560 (1976 & Supp. 1992).

A warranty is created when the seller makes an affirmation with respect to the thing to be sold with the intention that the buyer shall rely on it in making the purchase. *Iler v. Jennings*, 87 S.C. 87, 68 S.E. 1041 (1910). The Melrose group allegedly told the Fieldses it would sell remaining memberships in the Melrose Club for prices up to $100,000 by the end of 1988. These representations, if made, did not constitute an affirmation as to the individual interests sold to the Fieldses. Neither were they statements as to the value, quality of title, or other characteristic of the interests the Fieldses purchased. *See Stevenson v. B.B. Kirkland Seed Co.*, 176 S.C. 345, 180 S.E. 197 (1935); *Snow's Laundry & Dry Cleaning Co. v. Georgia Power Co.*, 61 Ga. App. 402, 6 S.E. (2d) 159 (1939).

## II.

The Fieldses also maintain the circuit court erred in dismissing their cause of action for negligent misrepresentation. To state a claim for negligent misrepresentation, the plaintiff must allege (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance on the representation. *AMA Management Corp. v. Strasburger*, — S.C. —, 420 S.E. (2d) 868 (Ct. App. 1992); *see also Gilliland v. Elmwood Properties*, 301 S.C. 295, 391 S.E. (2d) 577 (1990); *Winburn v. Insurance Co. of North America*, 287 S.C. 435, 339 S.E. (2d) 142 (Ct. App. 1985). To be actionable, the representation must relate to a present or pre-existing fact and be false when made. *See id.* The representation cannot ordinarily be based on unfulfilled promises or statements as to future events. *Cf. Scott v. Mid Carolina Homes, Inc.*, 293 S.C. 191, 359 S.E. (2d) 291 (Ct. App. 1987) (intentional misrepresentation), *overruled on other grounds, Ward v. Dick Dyer & Associates*, 304 S.C. 152, 403 S.E. (2d) 310 (1991).

The Fieldses alleged the Melrose group represented that it would sell future memberships at higher prices and would

complete various planned construction projects. All of these statements related to future events, not existing facts. Moreover, under the Fieldses' amended theory of pleading, insofar as the statements represented the Melrose group's intentions at the time, they were not false when made. The Fieldses abandoned their claim that the statements were fraudulent, i.e., that Melrose falsely represented its intentions. On the facts pleaded, the Fieldses failed to state a claim for negligent misrepresentation.

### III.

Finally, the Fieldses contend the circuit court erred in finding the transactions were exempt from the South Carolina Unfair Trade Practices Act. We need not reach this issue, because the circuit court judge also based his ruling on the alternative independent ground that Melrose's alleged representations were "puffing" or sales talk permitted by law and on their face were not unfair trade practices. *See Clarkson v. Orkin Exterminating Co., Inc.*, 761 F. (2d) 189 (4th Cir. 1985) (applying South Carolina law); *Harrington Manufacturing Co., Inc. v. Powell Manufacturing Co., Inc.*, 38 N.C. App. 393, 248 S.E. (2d) 739 (1978), *cert. denied*, 296 N.C. 411, 251 S.E. (2d) 469 (1979).

Although the Fieldses raise this alternative holding in their statement of the issues on appeal, they fail to argue it in their brief. An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court. *See Bell v. Bennett*, 307 S.C. 286, 414 S.E. (2d) 786 (Ct. App. 1992).[3]

Affirmed.

SHAW and GOOLSBY, JJ., concur.

---

[3] In their reply brief, the Fieldses do make a one-sentence, conclusory argument without supporting authority on the "puffing" issue. This does not avail them for two reasons: (1) an appellant may not use the reply brief to argue issues not argued in his brief in chief; and (2) an issue is deemed abandoned on appeal and, therefore, not presented for review, if it is argued in a short, conclusory statement without supporting authority. *Bochette v. Bochette*, 300 S.C. 109, 386 S.E. (2d) 475 (Ct. App. 1989); *Matthews v. City of Greenwood*, 305 S.C. 267, 407 S.E. (2d) 688 (Ct. App. 1991).