496 S.E.2d 624

**In re Joseph KIRKLAND, Employee,**

**v.**

**ALLCRAFT STEEL CO., INC., Employer.**

**CAROLINA ASSOCIATED OF GENERAL CONTRACTORS SELF–INSURANCE TRUST FUND OF SOUTH CAROLINA, Respondent,**

**v.**

**SOUTH CAROLINA ELECTRIC AND GAS COMPANY, INC., Appellant.**

No. 24758.

Supreme Court of South Carolina.

Heard Feb. 20, 1997.

Decided Feb. 9, 1998.

**2.**  325 S.C. 170, 480 S.E.2d 726 (1997).

390

Kay G. Crowe, of Barnes, Alford, Stork & Johnson, Columbia, for Appellant.

Hal Hanlin, of Callison, Tighe, Robinson & Hawkins, Columbia, for Respondent.

TOAL, Justice:

In this workers' compensation matter, South Carolina Electric and Gas Company appeals the circuit court's decision requiring it to fully satisfy the carrier's lien. We affirm in part, reverse in part, and remand to the Workers' Compensation Commission.

## FACTUAL/PROCEDURAL BACKGROUND

While making repairs on the premises of his employer Allcraft Steel Company, Joseph Kirkland ("Claimant") suffered serious permanent injuries when he was electrocuted as he came in contact with an electric wire maintained by appellant South Carolina Electric and Gas Company ("Third Party"). Claimant's claim was accepted by his employer and its insurance carrier respondent Carolina Associated ("Carrier"). Carrier paid Claimant compensation and medical benefits in the amount of $27,837. Moreover, it informed Third Party of its reservation of rights for subrogation of these claims.

Claimant also presented a claim against Third Party. Negotiations were begun, and Third Party agreed to directly pay Claimant lump sums and annuities valued at approximately $55,000 for a full release of the tort claim. The settlement agreement acknowledged Carrier's lien on the settlement proceeds. Third party agreed to be responsible for any carrier's lien due; however, the settlement was reached without the knowledge or consent of Carrier.

Carrier filed a petition with the Workers' Compensation Commission seeking enforcement of its lien. Third Party agreed to stipulate that it was responsible for satisfying Carrier's lien. After a hearing, the single commissioner issued an order holding that Carrier was entitled to the amount of its $27,837 lien. The full commission affirmed the order, and the circuit court affirmed the decision of the commission. Third Party has appealed to this Court, arguing the circuit court erred in: (1) finding that Third Party is required to reimburse Carrier for the full amount of its lien; and (2) failing to order an equitable reduction of Carrier's lien.

## LAW/ANALYSIS

### A. REIMBURSEMENT FOR LIEN

■ Third Party argues the circuit court erred in concluding that Third Party is required to reimburse Carrier for its lien. We disagree.

Third Party contends it is not required to reimburse Carrier for the full amount of its lien because the lien created under S.C.Code Ann. § 42–1–560(b) (1985) [1] attaches to the proceeds paid and is not enforceable against Third Party in a direct action. We find it unnecessary to interpret section 42–1–560(b) because Third Party has stipulated it is responsible for Carrier's lien.

As part of its settlement agreement, Third Party agreed to be subject to Carrier's lien. It characterized the agreement in this way: "[W]e have agreed to stipulate that [Third Party] is responsible for satisfying [Carrier's lien] as set out in [Third Party's] Agreement with [Claimant]." At the hearing before the single commissioner, it was affirmed again, without objection, that Third Party had stipulated it was responsible for satisfaction of the lien under its settlement agreement with Claimant.

■ A stipulation is an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys. *See State v. Anderson,* 318 S.C. 395, 458 S.E.2d 56 (Ct.App.1995). Stipulations, of course, are binding upon those who make them. 73 Am.Jur.2d *Stipulations* § 8,

---

1. S.C.Code Ann. § 42–1–560(b) provides:

   The injured employee ... shall be entitled to receive the compensation and other benefits provided by this Title and to enforce by appropriate proceedings his ... rights against the third party.... In such case the carrier shall have a lien on the proceeds of any recovery from the third party whether by judgment, settlement or otherwise, to the extent of the total amount of compensation, including medical and other expenses, paid, or to be paid by such carrier, less the reasonable and necessary expenses, including attorney fees, incurred in effecting the recovery, and to the extent the recovery shall be deemed to be for the benefit of the carrier.... Any balance remaining after payment of necessary expenses and satisfaction of the carrier's lien shall be applied as a credit against future compensation benefits for the same injury or death and shall be distributed as provided in subsection (g) of this section....

at 543 (1974). Here, Third Party made a concession that it was responsible for satisfaction of Carrier's lien. This stipulation is therefore binding upon it, and it cannot now assert that it is not responsible for the lien. We affirm the circuit court on this issue.

## B. EQUITABLE REDUCTION

█ Third Party next argues that the circuit court erred in failing to order an equitable reduction of Carrier's lien under S.C.Code Ann. § 42–1–560(f) (1985).

Section 42–1–560(f) states, in part:

Notwithstanding other provisions of this item, where an employee or his representative enters into a settlement with or obtains a judgment upon trial from a third party in an amount less than the amount of the employee's estimated total damages, the commission may reduce the amount of the carrier's lien on the proceeds of such settlement in the proportion that such settlement or judgment bears to the commission's evaluation of the employee's total cognizable damages at law. Any such reduction shall be based on a determination by the commission that such reduction would be equitable to all parties concerned and serve the interests of justice.

Third Party's expert witness testified that the amount of Claimant's total damages was $388,717, and that if he were advising a client, he would probably recommend that a client seriously consider settling for $200,000. Third Party settled the case with Claimant for approximately $55,000. Obviously, Claimant has entered into a settlement with a third party in an amount less than the amount of Claimant's estimated total damages. The statute explicitly declares that "where an employee ... enters into a settlement with ... a third party in an amount less than the amount of the employee's estimated total damages, the commission may reduce the amount of the carrier's lien on the proceeds of such settlement...." Thus, we are bound by the unambiguous terms of the statute to find that the lien may be reduced in the present instance. *See Paschal v. State of S.C. Election Comm'n*, 317 S.C. 434, 454 S.E.2d 890 (1995) (Where the terms of the statute are

clear, the court must apply those terms according to their literal meaning.).

The statute does not specify who may petition to have the lien reduced. Ordinarily, it may be the claimant who would seek a reduction of the lien of the carrier; however, there is nothing in the statute that precludes a third party from also seeking a reduction of the lien. As such, we find that in the present case, Third Party does have standing to raise this issue.

However, it does not follow, simply because a party can petition to reduce the lien, that it is automatically entitled to a reduction. The statute provides that "[a]ny such reduction shall be based on a determination by the commission that such reduction would be equitable to all parties concerned and serve the interests of justice." S.C.Code Ann. § 42–1–560(f). In considering whether or not to reduce the lien, the commission may consider factors such as the strength of the claimant's case, the likelihood of third party liability, claimant's desire to settle, and whether carrier is unreasonably refusing to consent to a settlement.[2]

We remand this matter to the Workers' Compensation Commission to determine whether Carrier's lien should be reduced. We express no opinion on whether there should be a reduction. The commission may determine this matter based on the existing record or may take additional testimony.

### CONCLUSION

Based on the foregoing, the circuit court's order is **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

FINNEY, C.J., WALLER and BURNETT, JJ., concur.

MOORE, J., not participating.

---

2. The commission is not limited to these factors.