THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
John M. Anderson,       
Appellant.
 
 
 

Appeal From Lexington County
Clyde N. Davis, Jr., Special Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-211
Submitted January 29, 2004  Filed March 
 25, 2004 

AFFIRMED

 
 
 
John M. Anderson, pro se, of Irmo, for Appellant.
Patrick M. Teague, Senior Assistant General Counsel, South 
 Carolina Department of Public Safety, of Blythewood, for Respondent.
 
 
 

PER CURIAM:  John M. Anderson was convicted 
 in his absence in magistrates court for a traffic violation.  The circuit court 
 affirmed the conviction.  We affirm.  
Appellant received a traffic ticket on June 14, 2001 
 for speeding.  He failed to appear at his scheduled hearing, and was tried in 
 his absence and found guilty.  He received notice of the conviction by mail 
 on April 15, 2002.   On April 24, 2002, Appellant wrote a letter to the 
 traffic court requesting to reopen the case.  Although the motion for a new 
 trial was untimely, the magistrate scheduled a hearing on Appellants motion 
 for May 30, 2002.  S.C. Code Ann. § 22-3-1000 (Supp. 2003) (No motion for a 
 new trial may be heard unless made within five days from the rendering of the 
 judgment).  Appellant failed to appear for the May 30 hearing, and the motion 
 was denied. 
The essence of the appeal to the circuit 
 court and this court is Appellants desire for an opportunity to stand in front 
 of a judge based on the charges brought against [him].  While we appreciate 
 Appellants desire, there is simply no legal basis to afford him relief.  The 
 record establishes that the magistrates office provided proper notice of the 
 motion for new trial to Appellant at his correct address. 
 [1]   Assuming Appellants receipt of notice of his conviction on April 
 15, 2002 may be liberally construed as the date of rendering of the judgment, 
 his new trial motion would nevertheless be untimely pursuant to Section 22-3-1000.  
 We additionally note that Appellants conclusory brief falls short of the appellate 
 court rules.  Rule 208 (b)(1)(D), SCACR; see also Fields v. 
 Melrose Ltd. Pship, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) 
 (stating that an issue is deemed abandoned on appeal and, therefore, not presented 
 for review, if it is argued in a short, conclusory statement without supporting 
 authority).   
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concur.  
  

 
 
 [1] Appellants address is 17 High Ridge Road, Irmo, South Carolina, 
 29063. This is the address where the Department of Public Safety mailed Appellant 
 notice of his conviction, which Appellant admittedly received on April 15, 
 2002.