THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Computer Products, Inc., Appellant,
v.
JEM Restaurant Group, Inc., John E. McGrath, Monolith Software Solutions, Inc., and W. David
Valmus, Respondents.
 
 
 

Appeal From Charleston County
 Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2007-UP-066
Submitted January 1, 2007  Filed February 12, 2007

AFFIRMED

 
 
 
Paul E. Tinkler and Spiro S. Ferderigos, both of Charleston, for Appellant.
B. Craig Killough, John A. Jones, and Susan Taylor Wall, all of Charleston, for Respondents.
 
 
 

PER CURIAM:  Computer Products, Inc. (Computer Products) appeals orders of the circuit court granting summary judgment to JEM Restaurant Group, Inc. (JEM), John E. McGrath (McGrath), Monolith Software Solutions, Inc. (Monolith), and W. David Valmus (Valmus).  Computer Products argues the circuit court erred in not finding: (1) an agency relationship between Valmus and Computer Products; (2) a duty of loyalty and/or fiduciary duty Valmus owed to Computer Products; and (3) that McGrath aided or abetted Valmuss breach of loyalty and/or fiduciary duty.  Computer Products also argues the circuit court erred in its application of: (1) South Carolina Trade Secrets Act; (2) Unfair Trade Practices Act; and (3) the implied covenant of good faith and fair dealing.  We affirm.[1]
I.  Computer Products failed to preserve its argument regarding the circuit courts finding that Valmus was an agent because it did not make this argument in a Rule 59(e), SCRCP, motion.  West v. Newberry Elec. Coop., 357 S.C. 537, 543, 593 S.E.2d 500, 503 (Ct. App. 2004) (certiorari denied) (holding issue that is neither addressed by the circuit court in the final order nor raised by way of Rule 59(e) motion is not preserved for review).  
II.  Computer Products argues that because Valmus was an agent/employee of Computer Products, Valmus had a duty of loyalty to Computer Products.  However, at trial, Computer Products conceded that Valmus was an independent contractor, not its employee; therefore, this argument is without merit.  See, e.g., Kirkland v. Allcraft Steel Co., Inc., 329 S.C. 389, 392-93, 496 S.E.2d 624, 626 (1998) (finding a concession made at trial precludes a party from contesting the issue on appeal).
III.  Computer Products contends that the circuit court erred in finding as a matter of law that McGrath did not aid or abet Valmuss breach of loyalty and/or fiduciary duty.  Because we have determined that no duty of loyalty and/or fiduciary duty existed between Valmus and Computer Products, we need not address this issue.  See Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (stating the appellate court need not address remaining issues when resolution of a prior issue is dispositive).
IV.  Computer Products failed to preserve its argument regarding the circuit courts finding that as a matter of law the South Carolina Trade Secrets Act is inapplicable, or in the alternative that Computer Products did not meet its burden of proof.  Humbert v. State, 345 S.C. 332, 337, 548 S.E.2d 862, 865 (2001); Shealy v. Aiken County, 341 S.C. 448, 460, 535 S.E.2d 438, 445 (2000) (holding that where a trial court does not explicitly rule on an argument raised, and appellant makes no Rule 59(e) motion to obtain a ruling, the appellate court may not address the issue).
V.  Computer Products abandoned its argument regarding its allegation that the circuit court erred in finding as a matter of law that McGrath did not violate the Unfair Trade Practice Act.  Fields v. Melrose Ltd. Pship., 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ( An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.).  The issue is also abandoned as to McGrath because Computer Products presentation of this issue in its brief is conclusory and lacks supporting authority.  Mulherin-Howell v. Cobb, 362 S.C. 588, 600, 608 S.E.2d 587, 593-94 (Ct.App.2005) (noting when an appellant fails to cite any supporting authority for his position and makes
conclusory arguments, the appellant abandons the issue on appeal).
VI.   Computer Products argues the circuit court erred in finding as a matter of law that a covenant of good faith and fair dealing is inapplicable.  Computer Products did not bring a claim for breach of contract; therefore, its cause of action for breach of the covenant of good faith and fair dealing does not succeed as a matter of law.  See Rotec Servs., Inc. v. Encompass Servs., Inc., 359 S.C. 467, 471-473, 597 S.E.2d 881, 883-884 (Ct. App. 2004) (finding there can be no separate cause of action for breach of covenant of good faith and fair dealing because it is subsumed under the claim for breach of contract.)  
 AFFIRMED.
HEARN, C.J., HUFF and BEATTY, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.