THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 S.K. and I.K.,
 Husband and Wife, Respondents,
 v.
 Baby Boy F., a
 minor under the age of fourteen years; Jonelle F., birth mother and Darren S.,
 birth father, Defendants,
 Of Whom Jonelle
 F. is the Appellant.
 
 
 

Appeal From Dorchester County
 Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2009-UP-300
 Submitted June 1, 2009  Filed June 8,
2009
Revised June 10, 2009

AFFIRMED

 
 
 
 Louis S. Moore, of Reidsville, for Appellant.
 Susan K. Dunn, of Charleston, for Respondents.
 
 
 

PER CURIAM: Jonelle F. (Mother) appeals the family court's order
 denying her motion to withdraw voluntary consent relinquishing her parental
 rights to minor child (Child).  On appeal, Mother contends the family court
 erred in (1) finding the consent was valid; (2) excusing the guardian ad
 litem (GAL); and (3) failing to consider Child's best interest.  Mother further
 contends South Carolina adoption statutes violate equal protection and public
 policy.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1.  As to whether Mother's consent was valid:  S.C. Code Ann § 63-9-350 (2008) (explaining for
 consent to be withdrawn the court must find that withdrawal is in the child's
 best interest and that consent or relinquishment was not given voluntarily or
 was obtained under duress or through coercion); McCann v. Doe, 377 S.C.
 373, 383-84, 660 S.E.2d 500, 506 (2008) (stating the burden is on the
 person seeking to revoke the consent to show the consent was obtained
 involuntarily); McCann, 377 S.C. at 386, 660 S.E.2d at 507-08
 (explaining duress is viewed with a subjective test, looking at the individual
 characteristics of the person allegedly influenced, and duress does not occur
 if the person has a reasonable alternative to succumbing and fails to avail
 themselves of the alternative); Phillips v. Baker, 284 S.C. 134, 137,
 325 S.E.2d 533, 535 (1985) (defining duress as "a condition of mind produced by improper
 external pressure or influence that practically destroys the free agency of a
 party and causes him to do an act or form a contract not of his own
 volition").
2. 
 As to whether the family court erred in excusing Child's GAL from the hearing
 on the voluntariness of Mother's consent and in failing to address Child's best
 interest: Kirkland v. Allcraft Steel Co., Inc., 329 S.C. 389, 392-93,
 496 S.E.2d 624, 626 (1998) (holding a stipulation made by the parties in a
 judicial proceeding is binding); State v. Johnson, 298 S.C. 496, 498,
 381 S.E.2d 732, 733 (1989) (stating express consent to a ruling waives the
 right to raise the issue on appeal).
3. 
 As to whether South Carolina adoption statutes deprived Mother of equal
 protection and violate public policy: Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an
 issue cannot be raised for the first time on appeal, but must have been raised
 to and ruled upon by the trial court to be preserved for appellate
 review."); Charleston County Dep't of Soc. Servs. v. Jackson, 368
 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (explaining a father's
 argument that termination of his parental rights violates his right to due
 process is not preserved for this court's review because the issue was not
 raised to or ruled upon by the family court).
AFFIRMED.  
HEARN, C.J., CURETON, A.J., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.