**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Clarence Winfrey, Employee, Appellant,

v.

Archway Services, Inc., Employer, and American Fire & Casualty Insurance Company, Carrier, Respondents.

Appellate Case No. 2014-001815

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2017-UP-338
Heard December 6, 2016 – Filed August 2, 2017

**AFFIRMED**

Preston F. McDaniel, of McDaniel Law Firm, of Columbia, for Appellant.

Brett Harris Bayne, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondents.

**PER CURIAM:** Clarence Winfrey appeals from the decision and order of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) finding Archway Services, Inc. and American Fire & Casualty Insurance Company

(collectively Archway) properly complied with section 42-9-260 of the South Carolina Code (2015) in stopping payment of Winfrey's temporary total disability benefits. Winfrey argues the Appellate Panel erred in (1) improperly shifting the burden of proof to him to show Archway did not conduct a good faith investigation under section 42-9-260; (2) failing to reinstate benefits under Workers' Compensation Act (the Act); (3) considering Archway's late filed pre-hearing brief and APA submissions; (4) excluding evidence developed after September 15, 2013; (5) adopting the Single Commissioner's rulings on pre-hearing motions when the Single Commissioner erred as a matter of law in reaching the decisions on the motions; (6) by issuing a finding of fact on when Winfrey suffered his myocardial infarction; (7) reaching findings of fact numbers 4 through 11 when those findings are unsupported by testimony, stipulations, or other evidence; and (8) finding the Single Commissioner did not err in waiting twenty-two days to issue a written decision. We affirm

## I.   STANDARD OF REVIEW

The South Carolina Administrative Procedures Act[1] (APA) governs the standard of judicial review in workers' compensation cases. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). Under the APA, this court's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by an error of law. *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 610–11 (Ct. App. 2004). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached." *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).

"On appeal from [the Appellate Panel], this [c]ourt can reverse or modify the decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." *Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 384, 769 S.E.2d 1, 2 (2015). "In a workers' compensation case, the [A]ppellate [P]anel is the ultimate fact-finder." *Id.* at 384, 769 S.E.2d at 3. "However, whe[n] there are no disputed facts, the question of whether an accident is compensable is a question of law." *Id.* at 384–85, 769 S.E.2d at 3. "Workers' compensation law is to be liberally construed in favor of coverage in order to serve the beneficent purpose of the Workers' Compensation

---

[1] S.C. Code Ann. §§ 1-23-310 through -400 (2005 & Supp. 2016).

Act; only exceptions and restrictions on coverage are to be strictly construed." *Id.* at 385, 769 S.E.2d at 3.

## II.    WINFREY'S ISSUE #1

We find no evidence the Appellate Panel shifted the burden of proof with respect to whether Archway conducted a good faith investigation prior to stopping payment of benefits.  The record makes patently clear that Archway received Winfrey's medical records prior to stopping payment of benefits.  Winfrey's medical records evince a prolonged history of tobacco and alcohol use, obesity, and a family history of heart disease.  Archway does not dispute Winfrey suffered an accident during the course of his employment.  Archway does dispute the electrical shock caused Winfrey's subsequent myocardial infarction and ventricular septal defect.  Archway points to Winfrey's tobacco and alcohol use, obesity, and family history of heart disease as potential causes of Winfrey's heart ailments.  The Appellate Panel held Winfrey's medical records provided a sufficient basis for a good faith denial of benefits.  We review the Appellate Panel's determinations on such matters to ensure they are supported by substantial evidence.  *See Hargrove*, 360 S.C. at 289, 599 S.E.2d at 610–11 (noting under the APA, this court's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by an error of law).  We find the evidence sufficient to support Archway's denial of benefits following a good faith investigation.  Further, we fail to see how this finding is an improper burden shift.  Therefore, the Appellate Panel did not err in finding Archway complied with section 49-6-260(B)(3) in stopping payment for benefits.

## III.    WINFREY'S ISSUE #2

Winfrey argues Archway should be subject to a twenty-five percent penalty in addition to the amount of benefits withheld provided by section 42-9-260(G) of the South Carolina Code (2015) because of Archway's alleged failure to comply with the Code and attendant regulations.  Section 42-9-260 imposes a twenty-five percent fine on the carrier or employer computed on the amount of benefits withheld for failure to comply with the section.  *See* S.C. Code Ann. § 42-9-260(G).  We read section 42-9-260(G) to ensure compliance with the six methods for stopping payment of benefits found in section 42-9-260(B).  In our view, the fine would be triggered if, for example, the employer or carrier stopped payment absent a good faith investigation.  We have found no support for the Appellate Panel's reasoning that Archway was not required to submit two copies of the Form 15 to Winfrey because he was represented by counsel.  However, we have similarly found no authority for Winfrey's assertion that failure to submit two

copies triggers the fine. As stated above, we find the Appellate Panel's ruling that Archway conducted a good faith investigation to be supported by substantial evidence. Therefore, we find Archway is not subject to the fine imposed by section 42-9-260(G) because Archway complied with one of the methods for stopping payment of benefits within that section.

## IV.    WINFREY'S ISSUE #3

We find Archway timely filed its Form 58 pre-hearing brief and APA submissions. Archway was required to file its Form 58 ten days before the hearing. *See* S.C. Code Ann. Regs 67-611 (2012). However, as that date was a Sunday, Archway was required to file the following Monday. *See* Rule 6(a), SCRCP. Archway met this requirement. Accordingly, we find the Appellate Panel and Single Commissioner properly considered Archway's Form 58 pre-hearing brief and APA submissions.

## V.    WINFREY'S ISSUE #4

Winfrey stipulated to the date from which evidence would be considered and is, therefore, bound to it. *See Kirkland v. Allcraft Steel Co.*, 329 S.C. 389, 392, 496 S.E.2d 624, 626 (1998) ("A stipulation is an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys. Stipulations, of course, are binding upon those who make them."). Accordingly, we find no error by the Single Commissioner in excluding evidence developed after September 13, 2013.

## VI.    WINFREY'S ISSUE #5

We find the Single Commissioner's actions in conducting a pre-hearing motions conference are allowable and contemplated by the Act. *See* S.C. Code Ann. § 42-17-40 (2015); *see also* SCALC Rule 28. Furthermore, we note Winfrey has provided no evidence the Single Commissioner made decisions based on evidence not contained within the record. Finally, as discussed above, we fail to see how the Single Commissioner impermissibly shifted the burden to Winfrey. As stipulated by the parties, the sole issue before the Single Commissioner was whether Archway conducted a good faith investigation prior to stopping payment of benefits as contemplated by section 42-9-260.

## VII.    WINFREY'S ISSUE #6

Winfrey alleges the Single Commissioner wrongfully denied him the right to take the deposition of Archway's adjuster as the managing agent. Winfrey argues the

Single Commissioner erred in denying his request to depose the adjuster under Rule 30(b)(6), SCRCP, when the request was to depose Archway's managing agent.

Winfrey asserts the Single Commissioner denied him due process by not hearing a motion to quash a subpoena for the adjuster's file and by not requiring production of the file at the hearing. Furthermore, Winfrey argues the Single Commissioner denied him due process by not deciding on the motion until the date of the hearing because this denied Winfrey discovery, production of evidence, the right to cross-examination, and failed to give him an adequate opportunity to be heard. We disagree.

Winfrey sought to depose Terri Hughes as managing agent for Archway's insurance carrier and as a Rule 30(b)(6), SCRCP, representative of the carrier. Rule 30(b)(6), SCRCP, provides:

> A party may in his notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify.

A cursory glance at Winfrey's subpoena reveals that he did not comply with Rule 30(b)(6). Rather than naming the insurance corporation as the deponent and allowing them to designate their managing agent, Winfrey simply sought to name Terri Hughes as the managing agent on his own. This is clearly not the method contemplated by the rule. Therefore, we find the subpoena was defective on its face and the Single Commissioner committed no error in granting Archway's motion to quash.

Contrary to Winfrey's assertion, the Single Commissioner denied Archway's motion to quash the subpoena as it pertained to the production of documents. However, Winfrey declined the Single Commissioner's offer to postpone the hearing so he could have an opportunity to examine and respond to the documents. Therefore, Winfrey has lost his right to advance this argument because he chose not to avail himself of adequate remedies below. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*,

331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded [below] may not be argued on appeal.").

## VIII. WINFREY'S ISSUE #7

The Appellate Panel did not adopt the Single Commissioner's finding regarding the date Winfrey suffered his myocardial infarction. The Appellate Panel only found Winfrey was admitted for treatment as a result of a myocardial infarction on May 28, 2013. The Appellate Panel reached no determination as to when Winfrey actually suffered the heart attack. Therefore, we find Winfrey's argument as to this issue is meritless.

## IX. WINFREY'S ISSUE #8

### A. Findings of Fact #4, #5, & #6

The record makes clear that Archway provided Winfrey with temporary total disability payments and medical treatment prior to the date Archway stopped payment. Furthermore, it is inarguable Archway stopped payment on September 12, 2013, following an investigation. Therefore, these findings are wholly supported by the evidence, and the Appellate Panel committed no error in reaching its determination. *See Hargrove*, 360 S.C. at 289, 599 S.E.2d at 610–11 ("This [c]ourt's review is limited to deciding whether the [Appellate Panel's] decision is unsupported by substantial evidence or is controlled by some error of law.").

### B. Finding of Fact #7

The record is clear that Winfrey's medical records were provided to Archway prior to the September 12, 2013, denial of benefits. Therefore, the Appellate Panel committed no error in reaching this conclusion.

### C. Finding of Fact #8

The Appellate Panel committed no error in finding Winfrey's alleged injury is a medically complex case. The Act defines a "medically complex case" as "sophisticated cases requiring highly scientific procedures or techniques for diagnosis or treatment." S.C. Code Ann. § 42-1-160(E) (2015). Winfrey's myocardial infarction and resulting surgery to repair a ventricular septal defect are perfectly encompassed within the Act's definition of a medically complex case.

### D. Finding of Fact #9

We find no error in the Appellate Panel's finding of fact that Archway's Form 15, Section II, was received no later than September 18, 2013.  This was a matter of record before the Commission, and the Appellate Panel's finding is wholly supported by the evidence.  *See Hargrove*, 360 S.C. at 289, 599 S.E.2d at 610–11 ("This [c]ourt's review is limited to deciding whether the [Appellate Panel's] decision is unsupported by substantial evidence or is controlled by some error of law.").

### E.  Finding of Fact #10

Archway's Form 15, Section II, clearly documented the reason for termination of benefits was based on a good faith investigation that Winfrey failed to meet the burden of a compensable injury under the Act.  We find this is inarguable.  Furthermore, we find Winfrey's contention this finding impermissibly shifted the burden under the Act to be untenable.  As discussed above, Winfrey holds the ultimate burden under the Act to prove he has suffered a compensable injury.  Archway, as they are required to do, stated they were denying Winfrey's claim based on a good faith investigation.  We fail to see how the Appellate Panel's finding shifted any burden whatsoever.  Therefore, the Appellate Panel committed no error in issuing this finding.

### F.  Finding of Fact #11

As discussed in the analysis to Winfrey's second issue, we have found no support for the Appellate Panel's statement that the two copies requirement was unnecessary because Winfrey was represented by counsel.  However, we decline to address the issue because it has no bearing on the ultimate disposition of this appeal.  Winfrey argues that Archway's failure to give him two copies of its Form 15, Section II, triggers the fine found in section 42-9-260(G).  However, as discussed above, we view that penalty to be triggered only when the benefits provider does not follow one of the methods provided in section 42-9-260(B) when stopping payment of temporary total benefits.  Archway stopped payment after a good faith investigation led to a reasonable belief that Winfrey did not sustain a compensable injury under the Act.  In our view, this finding by the Appellate Panel is supported by substantial evidence and is dispositive of the appeal.  Therefore, we need not address the Appellate Panel's statements regarding the two copy requirement.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating the appellate court need not reach remaining issues when prior issues are dispositive).

Additionally, Winfrey is incorrect in stating Archway did not attach documentation to their Form 15, Section II, when stating they were cancelling benefits based on a good faith investigation because Archway's reasoning was stated on the face of the form.

## X.    WINFREY'S ISSUE #9

We find no error by the Single Commissioner in issuing the decision.  The Act states that the Commissioner "shall determine the dispute in a summary manner." *See* S.C. Code Ann. § 42-17-40 (2015).  The timeline surrounding the Single Commissioner's decision and order easily falls within this mandate.

## XI.    CONCLUSION

For the foregoing reasons, the decision and order of the Appellate Panel is:


**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and THOMAS, JJ., concur.**