**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Willie James Pressley and Mary Louise Boston Pressley, Respondents,

v.

Latoya Shani'k Hickson, Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-000323

Appeal From Florence County
FitzLee H. McEachin, Family Court Judge

Unpublished Opinion No. 2025-UP-309
Submitted August 25, 2025 – Filed September 5, 2025

**AFFIRMED**

Latoya Shani'k Hickson, pro se, of Scranton.

Christopher Hickson, pro se, of Scranton, as the Guardian ad Litem for Appellant.

Bryan Wesley Braddock, of Braddock Law Firm, LLC, of Florence, for Respondents.

Michele Dahl Sturkie, of Sturkie Law, LLC, of Florence,
as the Guardian ad Litem for the minor children.

**PER CURIAM:** Latoya Shani'k Hickson (Mother) appeals the family court's termination of her parental rights to her two minor children (Children) and granting their adoption by Willie James Pressley and Mary Louise Boston Pressley (collectively, the Pressleys). On appeal, Mother argues the family court erred in finding (1) she willfully failed to support Children; (2) she willfully failed to visit Children; and (3) termination of parental rights (TPR) and adoption were in Children's best interests. We affirm.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

1. We hold clear and convincing evidence showed Mother failed to support Children. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) ("The family court may order [TPR] upon a finding of one or more of [twelve] grounds and a finding that termination is in the best interest of the child."); *S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 76, 814 S.E.2d 148, 156 (2018) ("The grounds for TPR must be proven by clear and convincing evidence."); § 63-7-2570(4) (providing this statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully . . . failed to make a material contribution to the child's care"); *id.* ("A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means."). Children have lived with the Pressleys for seven and a half years and Mary Pressley testified that since they received custody of Children, they had not received any money from Mother. Willie Pressley also testified Mother had never offered the Pressleys "any type of support" for Children. Thus, we hold clear and convincing evidence establishes that Mother has failed to make a material contribution of support for at least six months.

Moreover, we find Mother's failure to support Children was willful. *See* § 63-7-2570(4) ("The court may consider all relevant circumstances in determining whether or not the parent has wil[l]fully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support."); *S.C. Dep't of Soc. Servs. v. Seegars*, 367 S.C. 623, 630, 627 S.E.2d 718, 721-22 (2006) ("Conduct of a parent which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent."); *S.C. Dep't of Soc. Servs. v. M.R.C.L.*, 393 S.C. 387, 392-93, 712 S.E.2d 452, 455 (2011) (explaining that "[w]hether a parent's failure to visit or support a child is 'willful' within the meaning of the statute is a question of intent to be determined from all the facts and circumstances in each case"); *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 52, 413 S.E.2d 835, 838 (1992) ("In making this determination, the trial judge is given wide discretion."); *Smith*, 423 S.C. at 77, 814 S.E.2d at 156 (clarifying, however, that "[t]he element of willfulness must be established by clear and convincing evidence"). Mary testified that Mother had worked at least two different jobs in the previous few years and acknowledged at a previous deposition that she had saved $1,500. However, Mary testified that, while Children were in the Pressleys' care, Mother and the Pressleys' son, who had been romantically involved with Mother for the preceding decade, would ask the Pressleys for money. Because the Pressleys presented uncontroverted testimony that Mother had been employed and had not provided any money for Children's care, we find Mother's failure to provide any material support was willful. Accordingly, we hold the family court did not err in terminating Mother's parental rights on this statutory ground.

2. We hold clear and convincing evidence showed Mother failed to visit Children. *See* § 63-7-2570(3) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to visit the child"). Mary confirmed that since the Pressleys obtained custody of Children, Mother did not attempt to visit Children for multiple periods of time exceeding six months. Further, Mary indicated that the last time Mother saw Children was in 2022 when Mother attended a family dinner at Mary's invitation. Mary also confirmed that, at the time of the hearing, Children had not seen Mother for at least eighteen months. Thus, we hold Mother failed visit Children for at least six months.

Further, we hold Mother's failure to visit was willful. *See Broom v. Jennifer J.*, 403 S.C. 96, 114, 742 S.E.2d 382, 391 (2013) ("Willfulness does not mean that the parent must have some ill-intent towards the child or a conscious desire not to

visit; it only means that the parent must not have visited due to her own decisions, rather than being prevented from doing so by someone else."). Mary confirmed that, since the visit in 2022, she had not received any requests from Mother to visit Children. Although Mother asked Mary during cross-examination if she recalled telling Mother that she was no longer welcome in her home, Mary clarified that she had made this statement in 2022. Mary explained she had since invited Mother to her home in 2023, and Mother did not visit in response to her invitation. Mary also testified that she did not prevent Mother from contacting Children and although she acknowledged she "blocked" Mother on social media, she did not block Mother's telephone number. Willie similarly testified he did not prevent Mother from contacting Children. Accordingly, we hold the family court did not err in terminating Mother's parental rights on this statutory ground.

3. Additionally, we hold TPR is in Children's best interests. *See Smith*, 423 S.C. at 85, 814 S.E.2d at 161 ("In a TPR case, the best interest of the child is the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). At the time of the hearing, Children had lived with the Pressleys for over seven years, and the guardian ad litem (GAL) for Children indicated that Children were healthy and happy. Further, the GAL also testified that she had investigated allegations against the Pressleys raised by Mother and another of Mother's children and found that they were meritless. Accordingly, we hold TPR is in Children's best interests.[1]

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We find Mother's three remaining issues on appeal are abandoned. *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.