**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Travis William Jacobs, Appellant,

v.

Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter #630, Emily Ek, Joey Barefoot, and Ginny Wright, Respondents.

Appellate Case No. 2023-000738

———————

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-442
Submitted December 17, 2025 – Filed December 31, 2025

———————

**AFFIRMED**

———————

Sharon Baker Clark and John Derrick Clark, both of Clark Law Firm, LLC, of Sumter, for Appellant.

Stephen Michael Foster, of Lewis Blain Roberts & Boyd, LLC, and Robert Canna Blain, of Collins & Lacy, PC, both of Columbia, for Respondents.

———————

**PER CURIAM:** Travis William Jacobs appeals the circuit court's order granting Respondents' motion for summary judgment in Jacobs's action arising from his

arrest on a subsequently abandoned charge. On appeal, Jacobs argues the circuit court erred in granting summary judgment to Respondents on his causes of action for defamation, false imprisonment, and malicious prosecution when factual issues existed as to whether Respondents acted reasonably in identifying Jacobs to law enforcement as a potential criminal suspect. We affirm pursuant to Rule 220(b), SCACR.

We hold Jacobs abandoned any arguments concerning the defamation cause of action because neither his argument nor his cited authority addresses that cause of action. *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106 n.3, 439 S.E.2d 283, 285 n.3 (Ct. App. 1993) ("[A]n issue is deemed abandoned on appeal and, therefore, not presented for review, if it is argued in a short, conclusory statement without supporting authority.").

Viewing the evidence in the light most favorable to Jacobs, we hold the circuit court did not err in granting summary judgment to Respondents as to the causes of action for false imprisonment and malicious prosecution. *See Brockbank v. Best Cap. Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56 [of the South Carolina Rules of Civil Procedure]."); Rule 56(c), SCRCP (stating summary judgment may be granted upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 546 (1991) ("The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986))); *Fowler v. Hunter*, 380 S.C. 121, 125, 668 S.E.2d 803, 805 (Ct. App. 2008) ("[W]hen a party has moved for summary judgment the opposing party may not rest upon the mere allegations or denials of his pleading to defeat it. Rather, the non-moving party must set forth specific facts demonstrating to the court there is a genuine issue for trial.") (internal citation omitted), *aff'd*, 388 S.C. 355, 697 S.E.2d 531 (2010); *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002) ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party.").

We hold the circuit court did not err in granting summary judgment on the false imprisonment cause of action because the record contains no evidence showing Respondents intentionally caused Jacobs to be unlawfully arrested. *See Huffman v.*

*Sunshine Recycling, LLC*, 426 S.C. 262, 271, 826 S.E.2d 609, 614 (2019) ("False imprisonment consists of depriving a person of his or her liberty without lawful justification."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 440, 629 S.E.2d 642, 651 (2006) ("To prevail on a claim for false imprisonment, the plaintiff must establish: (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful."); *id.* at 441, 629 S.E.2d at 651 ("The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest."); *id.* ("Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise."); *Wingate v. Postal Tel. & Cable Co.*, 204 S.C. 520, 528, 30 S.E.2d 307, 311 (1944) ("[W]here a private person induces an officer by request, direction or command to unlawfully arrest another, he is liable for false imprisonment."); *Huffman*, 426 S.C. at 274, 826 S.E.2d at 616 (recognizing "a distinct difference between an individual who, in good faith, reports mistaken or inaccurate information and an individual who *purposely* provides law enforcement with *knowingly false information*"); *id.* at 275-76, 826 S.E.2d at 616-17 (finding a false imprisonment claim failed to withstand summary judgment absent evidence to support "a reasonable inference that [the defendant] or any of its employees induced, caused, instigated, or procured [the plaintiff's] arrest simply by cooperating with law enforcement and relaying information [the defendant] believed to be true at the time").

We hold the circuit court did not err in granting summary judgment on the malicious prosecution cause of action because the record does not contain any evidence Respondents acted with malice in identifying Jacobs to law enforcement as a potential criminal suspect. *See id.* at 272, 826 S.E.2d at 614 ("To sustain an action for malicious prosecution, 'a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage.'" (quoting *Law*, 368 S.C. at 435, 629 S.E.2d at 648)); *Law*, 368 S.C. at 437, 629 S.E.2d at 649 (stating malice "may proceed from an ill-regulated mind which is not sufficiently cautious before causing injury to another person"); *Huffman*, 426 S.C. at 276, 826 S.E.2d at 617 (indicating the plaintiff failed to demonstrate a genuine issue of material fact as to malicious prosecution absent evidence that the defendant "or any of its employees acted with malice in reporting information to and cooperating with law enforcement"); *see also Wingate*, 204 S.C. at 528, 30 S.E.2d at 311 ("Where a person has information or knowledge that the law has been violated, he not only has a right, but frequently it is his duty, to

communicate such information or facts to the proper officer so as to give such officer the opportunity, if in his judgment it is proper to do so, to take whatever steps may be necessary to apprehend the offender.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.