**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bertha Goins, Respondent,

v.

Jenkinsville Water Company, Inc., Appellant.

Appellate Case No. 2023-001451

Appeal From Fairfield County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2025-UP-441
Submitted December 17, 2025 – Filed December 31, 2025

**AFFIRMED**

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellant.

H. Thomas Morgan, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Camden; and Shanon N. Peake, Daniel Clifton Plyler, Austin Tyler Reed, and Sydney Jean Douglas, all of Smith Robinson Holler DuBose Morgan, LLC, of Columbia, all for Respondent.

**PER CURIAM:** Jenkinsville Water Company, Inc. (JWC) appeals the circuit court's order granting summary judgment to Bertha Goins in JWC's defamation

action against Goins.  On appeal, JWC argues the circuit court erred in granting summary judgment to Goins when factual issues existed as to (1) the falsity of the alleged defamatory statements, (2) whether Goins made those statements with actual malice, and (3) whether Goins made those statements within the scope of her official duties.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold JWC abandoned any arguments regarding Goins's purported statements except for one—Goins alleged during an October 14, 2019 Fairfield County Council meeting that JWC did not issue "one boil water advisory" in twenty years—because JWC made only general, conclusory statements without supporting authority regarding Goins's other statements.  *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106 n.3, 439 S.E.2d 283, 285 n.3 (Ct. App. 1993) ("[A]n issue is deemed abandoned on appeal and, therefore, not presented for review, if it is argued in a short, conclusory statement without supporting authority.").

Viewing the evidence in the light most favorable to JWC, we hold the circuit court did not err in granting summary judgment to Goins because JWC failed to set forth clear and convincing evidence to create a genuine issue of material fact as to whether Goins made the statement with actual malice.  *See Brockbank v. Best Cap. Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56 [of the South Carolina Rules of Civil Procedure]."); Rule 56(c), SCRCP (stating summary judgment may be granted upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 546 (1991) ("The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986))); *Fowler v. Hunter*, 380 S.C. 121, 125, 668 S.E.2d 803, 805 (Ct. App. 2008) ("[W]hen a party has moved for summary judgment the opposing party may not rest upon the mere allegations or denials of his pleading to defeat it.  Rather, the non-moving party must set forth specific facts demonstrating to the court there is a genuine issue for trial.") (internal citation omitted), *aff'd*, 388 S.C. 355, 697 S.E.2d 531 (2010); *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002) ("When determining if any triable issues of fact exist, the evidence and all

---

[1] JWC argues its third issue is determinative of whether Goins was eligible for immunity under section 15-78-60 of the South Carolina Code (2005 & Supp. 2025), a subsection of the South Carolina Tort Claims Act.

reasonable inferences must be viewed in the light most favorable to the non-moving party."); *id*. at 494, 567 S.E.2d at 860 ("In order to prove defamation, the complaining party must show: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm."); *Elder v. Gaffney Ledger*, 341 S.C. 108, 113, 533 S.E.2d 899, 901 (2000) (specifying that when the plaintiff in a defamation action is a public figure, the plaintiff must prove fault via evidence showing "the statement was made with 'actual malice'" (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964))); *George v. Fabri*, 345 S.C. 440, 454, 548 S.E.2d 868, 875 (2001) ("[T]he appropriate standard at the summary judgment phase on the issue of constitutional actual malice is the clear and convincing standard."); *Elder*, 341 S.C. 108, 113-14, 533 S.E.2d 899, 901-02 (stating that a finding of actual malice requires clear and convincing evidence showing the statement was made "with either knowledge that it was false or reckless disregard for its truth"); *id*. at 114, 533 S.E.2d at 902 ("Failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard.").  Because we hold JWC's failure to set forth clear and convincing evidence of actual malice is dispositive, we decline to address the remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating if one of multiple issues on appeal is dispositive, the appellate court need not reach the remaining issues).

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.