## 7300

### STATE v. WEIL.

EVIDENCE—JUDGMENT.—In a criminal prosecution the record of a judgment in the equity jurisdiction of this Court, based on *ex parte* affidavits and failure of defendant to answer, is not admissible against accused as evidence of the facts stated therein.

Before GAGE, J., Richland, September, 1908.    Reversed.

Indictment against Louis Weil.    From Circuit judgment, defendant appeals.

*Messrs. Pringle T. Youmans* and *G. Duncan Bellinger,* for appellant.

*Mr. Youmans* cites: *Accused must be confronted with witnesses against him:* 12 Cyc., 543, 544.    *Mr. Bellinger* cites: *The affidavits and judgment should not have been admitted:* 76 S. C., 336; 48 S. C., 4; 156 U. S., 242; 1 Rich., 124; 2 Hill, 607; 32 S. C., 392; 178 U. S., 458; 174 U. S., 61.

*Solicitor W. Hampton Cobb,* contra, cites: *Record of judicial proceedings are admissible to prove the facts, etc., therein stated:* 9 Ency., 882; 1 Whar. Ev., 836; 1 Green.,

527a; Whar. Cr. Ev., sec. 570; 1 Whar. Law of Ev., 819; 2 N. & McC., 264; 2 Bay, 151.

·October 5, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The defendant was convicted and sentenced under an indictment charging him with selling whiskey, with maintaining a nuisance by keeping a place where alcoholic liquors were kept for sale, were sold, and where persons were permitted to resort for the purpose of drinking alcoholic liquors, and for unlawfully storing and keeping in possession contraband liquors.

Over objection the Court permitted the solicitor to introduce in evidence the record of the Supreme Court in the case of *The State, ex rel. the Attorney General, petitioner,* v. *Louis Weil and L. B. Owens, respondents,* consisting of the petition for injunction to restrain a nuisance, in violation of the dispensary law, the affidavits upon which it was based, and the order of the Court perpetually restraining the said defendant from using the building, situated at No. 931 Gervais street, Columbia, S. C., as a place where alcoholic liquors are sold, or dispensed, and from using said premises as a place where persons are permitted to resort for the purpose of drinking alcoholic liquors, and from selling or dispensing alcoholic liquors.

The order for judgment was dated May 26, 1908, and the affidavits in support covered practically the same period embraced in the indictment. The defendant did not appear in the said proceedings, and the order of the Court recites that no answer or return has been filed and no cause shown why the injunction should not issue.

The appeal presents the question whether it was error to admit the record in evidence.

We think there was error. The general rule is that a judgment in a civil action can not be given in evidence in a criminal action to establish the facts on which it was ren-

dered. 1 Greenleaf (7 ed.), sec. 537; 24 Ency. Law
(2 ed.), 831; 2 Black on Judg., sec. 529; *Riker* v. *Hooper,*
35 Vt., 457, 82 Am. Dec., 647; *Stone* v. *U. S.,* 17 Sup. Ct.
Rep., 778; *Frierson* v. *Jenkins,* 72 S. C., 342, 51 S. E., 862.

The proceedings to enjoin the nuisance were entertained
by the Supreme Court in its original equitable jurisdiction.
*State* v. *Riddock & Byrnes,* 78 S. C., 286, 58 S. E., 803.
The evidence upon which the judgment was rendered con-
sisted of *ex parte* affidavits and the failure of the respondent
in that proceeding to appear and answer. If such a judg-
ment should be held as the basis of *res judicata,* or estoppel,
in a subsequent criminal prosecution, the practical effect
would be to annul the rule that in criminal prosecutions the
State must establish the defendant's guilt beyond a reason-
able doubt before a jury.

The rule that a record of judicial proceedings is admis-
sible to prove the fact, time, term and effect of the judg-
ment means when the *existence* of the judgment is relevant,
as, for example, when the law requires conviction of the
principal as a condition precedent to conviction of the acces-
sory, or where the prior judgment constitutes legal aggrava-
tion of the subsequent charge, or in some instances to show
a series of crime. Other illustrations might be given, but
the present case does not fall within the rule. A judgment
is sometimes admitted as evidence of an admission, as when
the defendant pleads guilty, or makes a solemn admission
on the record, in which case it is governed by the law appli-
cable to admissions or confessions, and affords *prima facie*
evidence of the fact admitted in a subsequent trial involving
such fact. "But in order to bring such admission home to
him the pleading must be either signed by him, or it must
appear that it was within the scope of the attorney's
authority to admit such facts." Wharton Crim. Ev., sec.
615. In the case at bar there was no such admission on the
record.

Under art. I, sec. 18 of the Constitution, the accused has the right to be confronted with the witnesses against him. The object of this provision was to prevent the use of affidavits or *ex parte* depositions against a prisoner *in lieu* of a personal examination of the witness in the presence of the prisoner and subject to his right of cross-examination. *Mattox* v. *U. S.*, 156 U. S., 242. While this provision is not violated by the introduction of proper documentary evidence, it is violated when the effect of the admission of improper documents or records may be to furnish testimony against the prisoner by means of *ex parte* affidavits. Since the affidavits were admitted as a part of the record, it is reasonable to assume that the contents thereof were laid before the jury. Hence, the admission of the record was prejudicial.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.