### 23043

The STATE, Respondent v. Anthony JOHNSON, Appellant.
(381 S. E. (2d) 732)

Supreme Court

---

*Deputy Chief Atty. Elizabeth C. Fullwood,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard June 5, 1989.

Decided July 10, 1989.

HARWELL, Justice:

Appellant Anthony Jackson was tried and convicted on March 7-9, 1988 for the murder of his estranged wife. This appeal follows.

## DISCUSSION

On September 5, 1987, the partially clad body of appellant's wife was found in a wooded area near Fort Jackson. The victim died from aspiration of her own vomit, which was caused by a blow to the head. Appellant was found guilty of the murder and sentenced to life imprisonment.

On appeal, appellant argues that the court erred in allowing the prosecution to introduce two family court orders. The first order, dated March 6, 1987, admitted over objection, was issued upon the victim's "Petition for Order of Protection" under the "Protection from Domestic Abuse" Act. S. C. Code Ann. §§ 20-4-10 to 20-4-130 (1985). This order included a factual finding of physical abuse and ordered appellant to remain "away from the home and seek counseling."

The second order was dated August 10, 1987. It was issued upon petition of the victim, but was a mutual restraining order. In the order, the family court judge found that the parties had agreed to be "mutually restrained from harassing, molesting, abusing or threatening to abuse each other in any manner." Appellant stated that he had no objection to the second order because it was a consent order

restraining both parties. Since appellant expressly consented to admission of the second order, he has waived his right to raise the issue on appeal. *See State v. Vanderbilt*, 287 S. C. 597, 340 S. E. (2d) 543 (1986) (Issues not presented to the trial judge may not be presented for the first time on appeal). Accordingly, we limit our review to include only the first order.

The prosecution also introduced a letter written from appellant to the victim. The victim's mother found the letter in the victim's pocketbook the day after her death. In the letter appellant stated:

> I don't know if I told you this before or not but all my life I felt unloved but when I met you you changed that. At the time and up until now I must say that I didn't know how to take it and I abused it and you.
>
> \* \* \* \* \* \*
>
> I will never for the rest of our lives ever lay one hand on you or your person, nor shall I ever threaten or demean or ever try to put you down. I should have never did these things in the first place ...

The two orders and letter purported to establish that appellant had abused the victim in the past.

We agree with appellant's contention that the first family court order was inadmissible hearsay evidence. "Where a judgment fixes a status, as in the case of a divorce or annulment, and the fact of such status is material in a criminal prosecution, the judgment may be allowed in evidence to prove that fact, but not to prove a fact on the basis of which the judgment itself was rendered." *Wharton's Criminal Evidence*, Vol. IV, § 669 (1987). The general rule is that a judgment in a civil action cannot be introduced as evidence in a criminal action to establish the facts on which it was rendered. *State v. Weil*, 83 S. C. 478, 65 S. E. 634 (1909); *See generally* cases collected in *Wharton's Criminal Evidence, Id.* at § 669. Here, the order was rendered on the basis of physical abuse and was improperly used to establish that fact in this criminal matter.

While apellant is correct in contending that the first family court order was improperly admitted, it was merely cumulative to the second order admitted with-

out objection and the letter, which together established a history of domestic violence and showed that appellant had previously physically abused the victim. The admission of improper evidence is harmless where it is merely cumulative to other evidence. *State v. Blackburn*, 271 S. C. 324, 329, 247 S. E. (2d) 334, 337 (1978). Accordingly, the trial court's error in admitting the first order was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967).

Appellant's remaining exceptions are dismissed pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.