2351

The STATE, Respondent v. William HENDRIX and
Jack Hendrix, Appellants.

(459 S.E. (2d) 322)

Court of Appeals

---

*Sidney S. Tison, Jr.* and *Edward E. Saleeby, Jr.,* Hartsville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Deputy Atty. Gen. Salley W. Elliott;* and *Sp. Prosecutor John M. Young,* Columbia, and *Sol. C. Gordon McBride,* Hartsville, *for respondent.*

Heard May 3, 1995.

Decided May 30, 1995.

GOOLSBY, Judge:

Jack and William Hendrix were indicted for violations of S.C. Code Ann. § 46-1-60 (making away with produce before paying) and § 46-1-70 (factors or commission merchants failing to account for produce). A jury found the Hendrixes not guilty of the first offense and guilty of the second offense. The Hendrixes appeal the trial court's admission into evidence of a prior administrative order and other documentary evidence. We reverse and remand.

Jack Hendrix and his son, Bill, are agricultural brokers doing business as Darco Produce, Inc. The agricultural brokerage business entails contracting, usually by telephone, with farmers and other brokers to find markets for produce and then to transport the produce to the markets. The agricultural brokers pay the farmers and other brokers for the produce after the sale to the final buyer is consummated, generally within three weeks. Gerald Funderburk is a farmer/broker/buyer who resides in Jefferson, South Carolina. Funderburk and the Hendrixes had an ongoing business relationship of about five years wherein they conducted brokering agreements by telephone. The Hendrixes' last payment to Funderburk towards the balance due on an October 1985 shipment of watermelons occurred in November 1985. Jack Hendrix denied the Hendrixes owed anything further to

Funderburk because the final buyers rejected the watermelons and the Hendrixes had to pay shipping costs to transport the watermelons back to the Hendrixes' plant where they then had to pay to dispose of them. Jack Hendrix testified he notified Funderburk of the rejections and Funderburk assured him they would work it out as they had done in the past. Funderburk, however, filed a complaint with the United States Department of Agriculture (USDA) pursuant to the Perishable Agricultural Commodities Act (PACA). The USDA formally served the Hendrixes with Funderburk's complaint. The Hendrixes asked for an extension of time to account to Funderburk, but they did not reply within that extension. The USDA first issued an order reflecting that the Hendrixes owed Funderburk $7,086.00. This order was later amended to increase the amount owed to $48,524.49. The Hendrixes were later indicted for making away with produce before paying and for being factors or commission merchants failing to account for produce. A jury exonerated them of the first charge and convicted them of the second charge.

The Hendrixes argue the trial court erred in permitting the introduction of the prior USDA administrative order into evidence at the criminal trial. We agree.

The Hendrixes assert the USDA order was inadmissible hearsay and its admission highly prejudiced the Hendrixes. The state, on the other hand, contends the USDA order was admissible to prove its existence and to provide "a chronology to reveal [the Hendrixes'] criminal intent." We note the trial court admitted the USDA order into evidence without limiting the jury's consideration of the order in its deliberations.

The South Carolina Supreme Court has held that a civil judgment sought to be introduced in a subsequent criminal prosecution is inadmissible hearsay and may not be allowed into evidence to prove a fact on the basis of which the civil judgment was rendered. *State v. Johnson*, 298 S.C. 496, 381 S.E. (2d) 732 (1989); *see State v. Weil*, 83 S.C. 478, 479-80, 65 S.E. 634, 635 (1909) ("a judgment in a civil action cannot be given in evidence in a criminal action to establish the facts on which it was rendered.").

The prosecuting attorney[1] published the USDA order to

---

[1] This case was prosecuted below by John M. Young, acting as a special prosecutor.

the jury on three different occasions: (1) through the testimony of Wayne Mack, a South Carolina Department of Agriculture employee who was qualified as an expert witness on produce marketing practices, (2) through the testimony of Sally Rentiers, Chief Attorney and General Counsel for the South Carolina Department of Agriculture, and (3) through the testimony of W.L. Holmes, a produce transporter.

Further, the prosecuting attorney went beyond the express purpose for which the state argues the USDA order was properly admitted when he counseled the jury to consider the USDA order as evidence of the Hendrixes failure to account to Funderburk. He argued as follows:

> Here is a judicial order finding against those two defendants.
>
> . . . .
>
> They got in trouble and the United States Department of Agriculture, through their judicial enforcement division, snatched their license.
>
> . . . .
>
> In simple terms, go to this Order in your jury room, look this number up, see what the finding was. That was against them. They even had a lawyer at the time. It still was against them. That is to help you determine what happened.

Here, the USDA rendered the civil order based on its finding that the Hendrixes had taken Funderburk's produce without accounting for it. The prosecuting attorney plainly and improperly advised and exhorted the jury to use, in the criminal case before it, the findings of the USDA order as evidence of the fact that the Hendrixes failed to account for Funderburk's produce.

We therefore reverse and remand based on the trial court's erroneous admission of the order into evidence. Accordingly, we need not reach the Hendrixes' remanding issues.

Reversed and remanded.

HOWELL, C.J., and HOWARD, J., concur.