THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 William Long, Appellant.
 
 
 

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2012-UP-166
 Submitted February 1, 2012  Filed March
7, 2012    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina Catoe, all of Columbia; and
 Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: William
 Long appeals his convictions on two counts of armed robbery and one count of
 possession of a weapon during a violent crime, arguing the trial court erred in
 denying his motion for a mistrial when the wrong indictment was inadvertently
 sent back to the jury.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Wilson, 389
 S.C. 579, 585, 698 S.E.2d 862, 865 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial
 court.  The trial court's decision will not be overturned on appeal absent an
 abuse of discretion amounting to an error of law." (quotation marks
 omitted)); State v. Harris, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct.
 App. 2009) ("A mistrial should only be granted when absolutely necessary,
 and a defendant must show both error and resulting prejudice in order to be
 entitled to a mistrial."); State v. Johnson, 298 S.C. 496,
 497-98, 381 S.E.2d 732, 732 (1989) (holding that express consent to the
 admission of evidence constitutes a waiver of the issue on appeal); State v.
 Brown, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) (holding when other
 properly admitted testimony revealed essentially the same information, the
 exposure of the jury to improper evidence is harmless).  
AFFIRMED.
FEW, C.J.,
 HUFF and SHORT, J.J., concur. 
[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.