**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rickey Waddell Wilson, Appellant.

Appellate Case No. 2018-000146

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2021-UP-257
Submitted December 1, 2020 – Filed July 7, 2021

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

**PER CURIAM:** Appellant, Rickey Waddell Wilson, appeals from his murder conviction and life sentence challenging the admission of evidence from law enforcement officers concerning missing portions of a surveillance video tape watched by the officers, which the officers maintained revealed Appellant was the last person to enter or leave the victim's motel room before her body was discovered. In particular, Appellant argues on appeal that the trial court erred by ruling it did not have the discretion to exclude "testimony from law enforcement officials that they watched the entire surveillance tape which they claimed revealed [A]ppellant was the last person to enter or leave the [victim's] motel room on Saturday night before her [deceased] body was discovered Sunday morning," since the State lost or destroyed numerous hours of critical footage. However, a communications technician—who maintained the cameras for the nearby motel property which provided the surveillance video in question—similarly testified at trial concerning his observation of the entire video and that no one except Appellant entered or exited the victim's room during the pertinent time frame. Because Appellant challenges only the admission of the testimony from *law enforcement* concerning the missing footage, and the non-law enforcement witness testified similarly concerning the contents of the missing portion of the video, even assuming arguendo that the trial court erroneously admitted the evidence from law enforcement, we find no reversible error. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *State v. Brewer*, 411 S.C. 401, 409, 768 S.E.2d 656, 660 (2015) ("The admission of improper evidence is harmless [when] it is merely cumulative to other evidence." (quoting *State v. Johnson*, 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989))); *State v. Taylor*, 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998) (holding, in order for an appellate court to reverse a case based upon the erroneous admission of evidence, prejudice must be shown).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.