**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rashawn Montez Little, Appellant.

Appellate Case No. 2021-001385

———————————

Appeal From Chesterfield County
D. Craig Brown, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-398
Submitted November 1, 2023 – Filed December 13, 2023

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Michael Douglas Ross, of Washington, D.C., all for Respondent.

———————————

**PER CURIAM:** Rashawn Montez Little appeals his convictions for two counts of murder, six counts of attempted murder, and one count of possession of a weapon during a violent crime. On appeal, Little argues the trial court erred in admitting (1) expert testimony and opinion based upon unreliable science, and (2) a hearsay statement under the excited utterance exception. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in admitting opinion testimony from an expert witness qualified in firearms analysis that a bullet recovered from a shooting victim during autopsy matched a particular firearm. *See State v. Wallace*, 440 S.C. 537, 541, 892 S.E.2d 310, 312 (2023) ("We review a trial court's ruling on the admission or exclusion of evidence—when the ruling is based on the South Carolina Rules of Evidence—under an abuse of discretion standard."); *State v. Jones*, 423 S.C. 631, 636, 817 S.E.2d 268, 270 (2018) ("A trial court's ruling on the admissibility of expert testimony constitutes an abuse of discretion where the ruling is unsupported by the evidence or controlled by an error of law."). Little argues the expert should have been allowed to testify only that the bullet recovered was *consistent* with the firearm, rather than her conclusion that they *matched* because it is unsupported by a reliable method of firearms analysis. *See* Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Wallace*, 440 S.C. at 544, 892 S.E.2d at 313 ("To admit expert testimony under Rule 702, the proponent—in this case the State—must demonstrate, and the trial court must find, the existence of three elements: 'the evidence will assist the trier of fact, the expert witness is qualified, and the underlying science is reliable.'" (quoting *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999))); *Council*, 335 S.C. at 19, 515 S.E.2d at 517 (holding a trial court will admit scientific testimony if it meets these reliability factors: "(1) the publications and peer review of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures"). The firearms analyst testified the methodology she used has been widely accepted since the early 1900s and extensively peer reviewed. She also testified her conclusion in this case was subjected to quality control and confirmed by another examiner. Therefore, we find her opinion testimony as to a "match" between the bullet and the firearm was sufficiently reliable for a qualified firearms analyst. *See State v. Hackett*, 215 S.C. 434, 445, 55 S.E.2d 696, 701 (1949) (finding that courts "allow the introduction of expert testimony to show that the bullet which killed the deceased was fired from a

particular pistol or rifle . . . [if] the witness . . . is, by experience and training, qualified to give an expert opinion in the field of [firearms analysis]").

2. We hold the trial court did not abuse its discretion in admitting a non-testifying witness's hearsay statement naming Little as his shooter under the excited utterance exception. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). The State properly laid a foundation that the statement fell within the excited utterance exception to the prohibition on hearsay with witness testimony that established: (1) the declarant was shot and his statement identified the person who shot and injured him; (2) the witness interviewed the declarant in a hospital, where the declarant was still awaiting treatment, less than twelve hours after the shooting; and (3) the declarant exhibited a frustrated demeanor and agitated attitude about the situation and his condition. *See State v. Stahlnecker*, 386 S.C. 609, 623, 690 S.E.2d 565, 573 (2010) ("Three elements must be met for a statement to be an excited utterance: (1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition."); *State v. McHoney*, 344 S.C. 85, 94, 544 S.E.2d 30, 34 (2001) ("In determining whether a statement falls within the excited utterance exception, a court must consider the totality of the circumstances."); *State v. Sims*, 348 S.C. 16, 21, 558 S.E.2d 518, 521 (2002) ("While the passage of time between the startling event and the statement is one factor to consider, it is not the dispositive factor."); *id.* at 22, 558 S.E.2d at 521 ("Other factors useful in determining whether a statement qualifies as an excited utterance include the declarant's demeanor, the declarant's age, and the severity of the startling event."). Further, we hold any potential error by the trial court is harmless because it is cumulative to other testimony identifying Little as the shooter, which was not raised on appeal. *See State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."); *State v. Johnson*, 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless where it is merely cumulative to other evidence.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.