# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Gregg Pickrell, Petitioner.

Appellate Case No. 2022-000211

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Kershaw County
William A. McKinnon, Circuit Court Judge

---

Opinion No. 28229
Heard October 24, 2023 – Filed August 14, 2024

---

## AFFIRMED AS MODIFIED

---

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior
Assistant Attorney General Mark Reynolds Farthing, and
Solicitor Byron E. Gipson, all of Columbia, for
Respondent.

---

**JUSTICE JAMES:** Gregg Pickrell was convicted of murdering Robert Lamont
Demary. The court of appeals affirmed the conviction. *State v. Pickrell*, 435 S.C.
417, 867 S.E.2d 465 (Ct. App. 2021). We granted Pickrell's petition for a writ of

certiorari on two issues: (1) whether the court of appeals erred in affirming the trial court's admission of certain testimony of SLED Agent Dawn Claycomb, and (2) whether the court of appeals erred in affirming the trial court's admission of certain testimony of Kershaw County Sheriff's Investigator Rick Bailey. We affirm the court of appeals as modified.

The court of appeals summarized in detail the evidence introduced at trial. *Id.* at 421-36, 867 S.E.2d at 467-75. Demary and Pickrell did not live together but were somewhat romantically involved. Pickrell contends Demary routinely abused her. The shooting occurred within the relatively tight confines of Pickrell's bedroom in her residence. Pickrell concedes she shot Demary once and that the entry wound was in Demary's back, but Pickrell contends she shot Demary in self-defense as he was lunging toward her.

## I. Agent Claycomb

SLED Agent Claycomb's testimony is fully summarized by the court of appeals. *Id*. at 433, 447-50, 867 S.E.2d at 474, 481-83. Agent Claycomb and her partner responded to the scene at the request of the Kershaw County Sheriff. She testified she assisted in processing the scene and that while doing so, she located a shell casing in a clothes hamper just inside Pickrell's bedroom. She then testified over Pickrell's objection about the ejection patterns of a semi-automatic pistol.

The State concedes Agent Claycomb's ejection-pattern testimony was inadmissible because evidence of the various ejection patterns of a semi-automatic pistol requires expert testimony. The court of appeals held any error in the admission of the testimony was harmless because it was fully refuted by the expert testimony of SLED Agent James Green and because there was no dispute as to where the shooting took place. *Id.* at 447-50, 867 S.E.2d at 481-83. While we disagree with the court of appeals that the error in admitting Agent Claycomb's testimony was rendered harmless by Agent Green's testimony, we agree the error was harmless because the location of the shooting was not in dispute. There is no dispute Pickrell fired once and that she fired the shot while standing either in her bedroom doorway or just inside that doorway. There is no dispute Demary was in the bedroom when Pickrell shot him.

## II. Investigator Bailey

### A.

The court of appeals concluded Pickrell's objection to Kershaw County Sheriff's Investigator Rick Bailey's testimony was not sufficiently stated at trial so

as to preserve it for appellate review. *Id.* at 444-45, 867 S.E.2d at 479-80. We disagree.

Investigator Bailey was assisting Investigator Miles Taylor in this case and was tasked by his captain with interviewing Pickrell at the sheriff's department. Bailey testified his interview of Pickrell was his only involvement in the investigation and that before he interviewed Pickrell, he learned from another officer that Demary was shot in the back. He testified his goal was to be nonconfrontational and gather as much information from Pickrell as he could. He testified he primarily wanted to know "why she pulled the trigger." After the video of the interview was played for the jury, Bailey testified that the fact Demary was shot in the back did not "match up" with Pickrell firing at Demary as Demary lunged toward Pickrell. In response to the solicitor's follow-up question, "What do you mean it didn't match up?", Bailey testified "I found it hard to believe if he was coming at her—." Pickrell objected to this response on the ground that Bailey was being asked to offer "a conclusion . . . as to why [Pickrell] may have shot [Demary]." The trial court asked the solicitor to restate the question. The solicitor entirely rephrased the question by asking Bailey to explain "why it was a concern to [Bailey]" that Pickrell stated Demary was lunging toward her but Demary was shot in the back. The trial court allowed the question, and Bailey responded, "I had trouble understanding how if he was lunging forward how he was shot in the back."

Pickrell's objection at trial was that Bailey should not have been allowed to testify why Pickrell shot Demary because the question was "[a]sking for a conclusion." Pickrell argued to the court of appeals that Investigator Bailey should not have been allowed to testify he did not understand "how" the shooting occurred, contending this was improper lay opinion testimony under Rule 701 of the South Carolina Rules of Evidence. While we understand the difference between the terms "why" and "how," and while Pickrell could have refined her objection to the rephrased question, it is clear from the record that the trial court understood the line of questioning and Pickrell's objection. We hold Pickrell's objection was sufficient to preserve the issue for appeal.

**B.**

Even though the court of appeals held the issue regarding Investigator Bailey's testimony was not preserved, the court addressed the merits of the issue and held Bailey's testimony was admissible under Rule 701, SCRE. Pickrell concedes Bailey properly testified Pickrell told him Demary was lunging toward Pickrell when Pickrell fired the pistol. Pickrell also concedes Bailey properly testified he knew Demary was shot in the back. However, Pickrell argues the court of appeals erred

in holding Rule 701 allowed Bailey's testimony that he had trouble understanding how Demary was shot in the back if Demary was lunging toward Pickrell. We agree with Pickrell on the Rule 701 issue.

Rule 701 provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training.

Rule 701, SCRE.

Bailey's testimony that he had trouble understanding Pickrell's account was not helpful to a clear understanding of Bailey's easily understood testimony that the only entry wound was in Demary's back. Nor was the disputed testimony helpful to a clear understanding of a fact in issue. Here, the "fact in issue" was whether Pickrell's account was inconsistent with Demary being shot in the back, and Bailey's testimony of his puzzlement added nothing to that determination. Thus, the testimony did not meet the foundational requirements of Rule 701.

The State now contends Bailey's testimony could have helped the jury understand why law enforcement undertook other investigatory steps, why Bailey continued to interview Pickrell, or why Pickrell was arrested. *See State v. Middleton*, 441 S.C. 55, 65-66, 893 S.E.2d 279, 284 (2023) (stating that when "it is important" to "explain the process and direction of the investigation," "the evidence will be relevant" (first citing *State v. Brown*, 317 S.C. 55, 63, 451 S.E.2d 888, 894 (1994); and then citing *State v. King*, 422 S.C. 47, 66-68, 810 S.E.2d 18, 28-29 (2017))). We disagree, as that was not the focus of the solicitor's question prompting the disputed testimony, nor is there any evidence in the record that Bailey or any other officer undertook other investigatory steps, continued to interview Pickrell, or arrested Pickrell based on Bailey's professed puzzlement over Pickrell's account. In fact, Bailey testified he was not involved in the decision to arrest Pickrell because "it wasn't my case," and, as noted above, his involvement in the investigation ended when he completed the interview.

Technically, therefore, under the facts of this case, the testimony should have been excluded. The testimony was nothing more than Bailey's lack of understanding as to how Pickrell could have shot Demary in the back if he was charging at her face-

first. As such, the testimony was not relevant. *See* Rule 402, SCRE ("Evidence which is not relevant is not admissible."). This leads us to Pickrell's argument that she is entitled to a new trial because the testimony was an improper comment on her credibility. We agree with Pickrell that a witness such as Bailey should not be permitted to testify that another person's account of events should not be believed. However, that is not what Bailey did. He simply testified to the obvious—Pickrell claimed she fired one shot at Demary as Demary was lunging toward her, while the sole entry wound was near the spine in Demary's back. Practically, therefore, the admission of the testimony was harmless. "Some errors—when considered in the context of the facts of a particular case—are so insignificant and inconsequential they do not require reversal of a conviction." *State v. Reyes*, 432 S.C. 394, 405-06, 853 S.E.2d 334, 340 (2020). Bailey's professed puzzlement over Pickrell's version of events did not cross the line into usurping the jury's role as fact finder. Bailey's disputed testimony was like the solicitor's use of the word "we" in *Reyes*—while improper, it was of such minor consequence to the case that we will not reverse.

## C.

The court of appeals also held any error in allowing Investigator Bailey's testimony was harmless in light of the almost identical testimony of Kershaw County Sheriff's Investigator Miles Taylor, who testified several witnesses after Investigator Bailey. We agree. The solicitor asked Investigator Taylor whether, after reviewing the autopsy report and Pickrell's interviews, he had a concern about the information provided by Pickrell. Pickrell objected only on the basis that the question was leading. The trial court overruled the objection, and Taylor responded that "the autopsy results [were] totally opposite of what [Pickrell] was saying." As the court of appeals noted, Investigator Bailey's testimony was cumulative to Investigator Taylor's testimony. *See State v. Johnson,* 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless where it is merely cumulative to other evidence." (quoting *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978))).

## D.

We address one final point with respect to Investigator Bailey's testimony. On cross-examination, Pickrell asked Bailey if he contended Demary had to be charging at Pickrell for Pickrell to shoot Demary. Bailey responded, "I find it hard to believe that I was told [Demary] was lunging at her, but [Demary] was shot in the back." Pickrell neither objected to nor requested the trial court to strike this testimony from the record. The court of appeals held this failure rendered Bailey's testimony on direct cumulative to Bailey's testimony on cross-examination, thus rendering

harmless any error in allowing the testimony on direct examination. *Pickrell*, 435 S.C. at 446, 867 S.E.2d at 481. We disagree. If the trial court overrules a party's objection to the testimony of a witness, that party may question the witness about the objected-to testimony to mitigate the damage flowing from it without rendering the subsequent testimony cumulative.[1]

### III. Conclusion

For the foregoing reasons, we affirm the court of appeals as modified.

**AFFIRMED AS MODIFIED.**

**KITTREDGE, C.J., FEW, HILL, JJ., and Acting Justice Donald W. Beatty, concur.**

---

[1] This principle is comparable to Rule 17 of the South Carolina Rules of Criminal Procedure. ("If an objection has once been made at any stage to the admission of evidence, it shall not be necessary thereafter to reserve rights concerning the objectionable evidence.").