**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Samuel Lee McNeil, Appellant.

Appellate Case No. 2022-000093

———————

Appeal From Florence County
H. Steven DeBerry, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-409
Submitted November 1, 2024 – Filed December 4, 2024

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

———————

**PER CURIAM:** Samuel Lee McNeil appeals his conviction for domestic violence of a high and aggravated nature (DVHAN) and sentence of twenty years' imprisonment. McNeil argues the trial court erred in (1) permitting Victim to remove her prosthetic eyeball in front of the jury because the probative value of the demonstration was substantially outweighed by the danger of unfair prejudice and (2) admitting State's Exhibits 18 and 21 into evidence because both photographs were needlessly cumulative to State's Exhibit 29. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court abused its discretion in allowing Victim to remove her prosthetic eye in the presence of the jury, but we find the error harmless. *See State v. Phillips*, 430 S.C. 319, 340, 844 S.E.2d 651, 662 (2020) ("We review a trial court's decision to admit or exclude evidence under a deferential standard for an abuse of discretion."); *State v. Wallace*, 440 S.C. 537, 542, 892 S.E.2d 310, 312 (2023) ("[A] trial court acts outside of its discretion when the ruling is not supported by the evidence or is controlled by an error of law."). We find the probative value of Victim's removal of her prosthetic eye was low because the State presented evidence Victim suffered great bodily injury through the use of photographs, Victim's testimony, and expert testimony. *See State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative value' is the measure of the importance of [the evidence] to the outcome of a case" or "the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."); S.C. Code Ann. § 16-25-65(A)(1) (Supp. 2024) (stating a person is guilty of DVHAN when "[t]he person . . . commits the offense under circumstances manifesting extreme indifference to the value of human life and great bodily injury to the victim results"); S.C. Code Ann. § 16-25-10 (Supp. 2024) (defining "[g]reat bodily injury" as "bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ"); *State v. Nelson*, 440 S.C. 413, 424, 891 S.E.2d 508, 513 (2023), (holding the trial erred by admitting gruesome autopsy photographs when "the undisputed facts evidenced by the autopsy photos . . . could have been and were established by other convincing evidence") *reh'g denied*, S.C. Sup. Ct. Order dated Sept. 14, 2023. We also find the danger of unfair prejudice from Victim's demonstration was high because it unnecessarily created the potential for the jury to convict McNeil based on inflamed emotions. *See* Rule 403, SCRE ("[R]elevant [] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gilchrist*, 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct. App. 1998) ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis."); *Nelson*, 440 S.C. at 424-26, 891 S.E.2d at 513-14 (finding the

trial court erred where it admitted gruesome autopsy photographs of a victim's decomposing body because the information gained from the photographs was not in question and was not crucial to corroborate any testimony). Finally, we find the danger of unfair prejudice from Victim removing her prosthetic eyeball substantially outweighed the probative value offered by the demonstration when the State presented sufficient other evidence Victim had suffered a protracted loss of an organ or member. *See State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008) ("When [balancing the danger of unfair prejudice] against the probative value, the determination must be based on the entire record and will turn on the facts of each case.").

Nevertheless, we hold the trial court's error in allowing Victim to remove her prosthetic eyeball was harmless because, while inflammatory, the demonstration could not have reasonably affected the outcome of the trial. *See State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *State v. Key*, 256 S.C. 90, 93, 180 S.E. 2d 888, 890 (1971))); *State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."). The State established McNeil's guilt beyond a reasonable doubt through Victim's testimony, expert testimony, and gruesome photographs. *See State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole.").

2. We hold McNeil's argument that the trial court erred when it allowed the admission of State's Exhibit 18 is not preserved for appellate review. *See State v. Sweet*, 374 S.C. 1, 5, 647 S.E.2d 202, 205 (2007) ("To properly preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."). We also hold the trial court did not abuse its discretion when it allowed the admission of State's Exhibit 21 because it was probative and was not needlessly cumulative. *Phillips*, 430 S.C. at 340, 844 S.E.2d at 662 ("We review a trial court's decision to admit or exclude evidence under a deferential standard for an abuse of discretion."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). State's Exhibit 21 was probative because it corroborated Victim's testimony and expert testimony and was not needlessly cumulative because it was the only close-up photograph of Victim's eyeball injury on the day of the assault. *See Gray*, 408 S.C. at 610, 759 S.E. 2d at 165 ("'Probative value' is the measure of the importance

of [the evidence] to the outcome of a case" or "the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."); *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it.").

In addition, we hold that even if the admission of State's Exhibit 21 were error, it was harmless because the State had already admitted State's Exhibit 18 and the addition of Exhibit 21 did not affect the overall outcome at trial. *See Collins*, 409 S.C. at 537, 763 S.E.2d at 29 ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."); *Brown*, 344 S.C. at 75, 543 S.E.2d at 554-55 ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole."); *State v. Johnson*, 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless where it is merely cumulative to other evidence."). State's Exhibits 18 and 21 were graphic, with each one providing a perspective of Victim's injury; however, the admission of State's Exhibit 21 did not have any likelihood of changing the result of the trial because it corroborated testimony offered by the State from both experts and Victim. *See State v. Watts*, 321 S.C. 158, 165, 467 S.E.2d 272, 277 (Ct. App. 1996) ("In applying the harmless error rule, the court must be able to declare the error had little, if any, likelihood of having changed the result of the trial and the court must be able to declare such belief beyond a reasonable doubt.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.